UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| Cargill, Incorporated | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil Action No.: 2:17-cv-300 |
| v. | ) | |
| David Bingenheimer<br>W 148 N10912 High Ridge Court<br>Germantown, Wisconsin 53022 | ) ) ) ) | |
| Defendant. | ) | |

## STIPULATED ORDER FOR PRELIMINARY INJUNCTION

Plaintiff, Cargill, Incorporated ("Cargill"), filed its Complaint against Defendant, David Bingenheimer ("Defendant") on March 2, 2017 seeking injunctive relief, pursuant to the Defend Trade Secrets Act ("DTSA") 18 U.S.C. § 1836(b)(3), Wis. Stat. § 134.90(3), and Fed. R. Civ. P. 65(b) alleging that upon Defendant's separation of employment with Cargill, he misappropriated and used its confidential and proprietary trade secrets. Cargill and Defendant stipulate to the entry of this Stipulated Order for Preliminary Injunction.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1.  This Court has jurisdiction over this matter.

2.  The Complaint charges that Defendant misappropriated and used Cargill's confidential and proprietary trade secrets in violation of the DTSA and Wis. Stat § 134.90(3).

3.  Defendant neither admits nor denies any of the allegations in the Complaint.

4. Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law.

## ORDER

**IT IS ORDERED** that:

1. Within three (3) days of this Order, Defendant will return all of Cargill's tangible property, including paper documents containing Cargill's proprietary and/or confidential information.

2. Within three (3) days of a Court appointed expert being declared, Defendant will provide this expert with all of Cargill's information in his possession that currently exists in electronic format, including any electronic media that is storing this information.

3. Defendant will immediately take all steps necessary to preserve any and all potentially relevant evidence and any and all Cargill information in his possession, custody, or control, including all computers, smartphones, devices and USB drives used to access and/or store this information.

4. Within three (3) days of the entering of this Order by the Court, the parties will jointly submit the name of an agreed-upon computer forensic expert, who will be appointed by the Court. The parties will equally share the cost for this expert.

5. Within three (3) days after the appointment of the Court's expert, Defendant will provide the Court's expert access to (for the purpose of taking a forensic image and searching) all computers, smartphones, tablets, devices and/or USB drives used to access and/or store any Cargill information, including but not limited, to the USB/flash drives that were used to download and copy Cargill's information (as outlined in the Complaint) and any and all electronic device(s) that has been used to access Cargill's salesforce.com account after

November 21, 2016. The Court's expert will then work with the parties to: (1) secure the return of all Cargill information; and (2) conduct a full forensic investigation into the use of these devices. At minimum, this investigation will determine what, if any, Cargill information has been accessed, copied and/or transferred since November 21, 2016.

6. Within three (3) days of the appointment of the Court's expert, Defendant will give access to the Court's expert all electronic devices and/or email accounts that have been used to communicate with M&I Materials, Ltd. ("M&I"). The Court's expert will image these devices/accounts. Cargill and Defendant will work together with the Court's expert to develop appropriate search terms. The Court's expert will run those terms and turn over responsive documents to Defendant. At minimum, Defendant will turn over to Cargill all documents and communications relating to M&I including, but not limited to: (a) meetings and communications with M&I from September 1, 2016 to the present; (b) efforts by M&I to recruit, solicit, and/or hire Defendant; (c) all Cargill proprietary and/or confidential information that Defendant has given M&I access to since September 1, 2016; (d) Defendant's job responsibilities while working at M&I; (e) Defendant's terms of employment while working at M&I; and (f) Defendant's termination from M&I.

7. Defendant will submit to a deposition which shall take place no more than 30 days after the entry of this Order, assuming that all other aspects of this Order have been complied with before Defendant's deposition.

Nothing in this Order precludes Cargill or Defendant from asserting any claims or rights arising solely before or after entry of this Order or that are based upon any breach of, or the inaccuracy of, any representation made by Cargill or Defendant in this Order.

This Order is final and may not be appealed by either party. Furthermore, this Order applies to and binds all parties who are in active concert or participation with Defendant as provided in Fed. R. Civ. P. 65(d). Defendant waives any objections under Fed. R. Civ. P. 65.

**STIPULATED TO** this 23rd day of March 2017

Respectfully submitted,

| COZEN O'CONNOR | RETTKO LAW OFFICES, S.C. |
|---|---|
| By: */s/ Gary Gassman* | By: */s/ William R. Rettko* |
| Gary L. Gassman, Esq. | William R. Rettko |
| David J. Walton, Esq. *admission pending* | Rettko Law Offices, S.C. |
| Danielle Harris, Esq. *admission pending* | 15460 W. Capitol Drive, Suite 150 |
| Cozen O'Connor | Brookfield, WI 53005 |
| 123 N. Wacker Drive, Suite 1800 | (262) 783-7200 |
| Chicago, IL 60606 | bill@rettkolaw.com |
| (312) 474-7900 | |
| ggassman@cozen.com | *Attorney for Defendant, David Bingenheimer* |
| dwalton@cozen.com | |
| danielleharris@cozen.com | |
| | |
| *Attorneys for Plaintiff, Cargill, Incorporated* | |

**SO ORDERED:**

**DATED 3/25/17**

s/ Lynn Adelman
_____
**JUDGE LYNN ADELMAN**